UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRACY STEVENS,

               Plaintiff,

v.                                    **DECISION AND ORDER**
                                                       13-CV-643S

VICKI LANDES, NATALIE HENRY,
CATHERINE VELZY, AND FIDELIS CARE,[1]

               Defendants.

## I. INTRODUCTION

In this action, pro se plaintiff Tracy Stevens[2] asserts Family Medical Leave Act (29 U.S.C. §§ 2601, et seq.) claims against defendants Vicki Landes, Natalie Henry, Catherine Velzy, and Fidelis Care ("Defendants"). (Docket Nos. 9, 10.) Service on Defendants, however, has not been properly completed.

Presently before this Court is Defendants' Motion to Dismiss for insufficient service of process under Rule 12 (b)(5) of the Federal Rules of Civil Procedure. (Docket No. 12.) For the following reasons, Defendants' motion is denied and Stevens is afforded an additional 90 days to properly effectuate service.

---

[1] Stevens also named Matrix Absence Management, State Insurance Plan, and The Hartford Insurance Company as defendants, but the Honorable Richard J. Arcara dismissed them from this case on April 15, 2015. (See Order, Docket No. 10.)

[2] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Stevens is a pro se litigant, this Court has considered her submissions and arguments accordingly.

## II. BACKGROUND

Stevens filed this action and moved to proceed *in forma pauperis* on June 18, 2013.  (Docket No. 1.)  She filed an amended complaint on April 29, 2014 (Docket No. 7) and a second amended complaint on April 30, 2014 (Docket No. 9), in response to the court's initial screening order, which also granted her request to proceed *in forma pauperis* (Docket No. 4).

On April 15, 2014, the court screened the second amended complaint and found that Stevens's FMLA claims against Defendants should proceed to service.  (Docket No. 10.)  Because Stevens is proceeding *in forma pauperis*, the court directed the United States Marshal Service to serve the summons and second amended complaint on Defendants.  (Docket No. 10.)

The docket reflects that summonses were issued for Defendants and sent to the United States Marshal Service for service on May 6, 2015, and again on November 30, 2015.  The return of summons for each individual defendant was returned as "unexecuted," because each defendant had left Fidelis Care's employ.  (Docket No. 16.)  The return of summons for Fidelis Care was return as "personally served" on a Human Resources Specialist at Fidelis Care's Buffalo facility on December 1, 2015.  (Docket No. 16.)

On December 21, 2015, Defendants filed their Motion to Dismiss, followed by two subsequent reply submissions.  (Docket No. 12, 14, 19.)  Stevens responded to Defendants' motion on August 8, 2016.  (Docket No. 20.)

### III. DISCUSSION

Defendants move to dismiss on the basis that Stevens failed to properly serve them within 120 days of filing her second amended complaint, as required by the version of Rule 4 (m) of the Federal Rules of Civil Procedure in effect at that time.[3] The record reflects that Defendants are correct on this point; however, given her *in forma pauperis* status, Stevens is not responsible for the service failures.

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of summons and complaint shifts to the court. See 28 U.S.C. § 1915 (d); Rule 4 (c)(3) (requiring service by United States Marshal Service in cases where the plaintiff proceeds *in forma pauperis*); Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996) (noting that the granting of *in forma pauperis* status "shifted the responsibility for serving the complaint from [the plaintiff] to the court"). Consequently because the court is responsible for the failure to serve, good cause exists under Rule 4 (m) for an extension of time to complete service. See McCalmann v. Partners in Care, No. 01-CV-5844, 2002 WL 856465, *1 (S.D.N.Y. Apr. 25, 2002) (finding that the Marshals Service's failure to properly effect service of process constitutes good cause within the meaning of Rule 4 (m)). This Court will therefore grant Stevens an additional 90 days for service and will direct the United States Marshal Service to effectuate service.

The complicating factor here is that the addresses Stevens provided for the individual defendants is a Fidelis Care business address. The individual defendants,

---

[3]By amendment effective December 1, 2015, the time for serving a complaint under Rule 4(m) was reduced from 120 days to 90 days.

3

however, no longer work there. Stevens must therefore provide the United States Marshals Service with updated addresses for Defendants Landes, Henry, and Velzy at which service of process can be accomplished.

As for service on Fidelis Care, Stevens did not identify for the United States Marshal Service an individual upon whom to effectuate service, so the Marshal Service left a copy of the summons and second amended complaint with a Human Resources Specialist at Fidelis Care's Buffalo facility on December 1, 2015. (Docket No. 16.) This does not constitute proper service on a corporate defendant under Rule 4 (h). Accordingly, Stevens must also identify a proper individual and address for purposes of properly serving Fidelis Care and provide that information to the United States Marshal Service.

## IV. CONCLUSION

Because Stevens is not responsible for the failure of service in this case, dismissal of the second amended complaint is not appropriate. Rather, Stevens will be afforded 90 days to effectuate service of process on Defendants through the United States Marshal's Service. Stevens is reminded that it is her responsibility to confirm with the Marshal's Service that service has been made and if necessary, to request an extension of time for service.[4] See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012).

## V. ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 12) is DENIED.

---

[4] In addition to familiarizing herself with the Pro Se Litigation Guidelines, which the court sent to Stevens on June 28, 2016, this Court encourages Stevens to consider participating in this district's Pro Se Assistance Program, information about which is available in the Clerk's Office or at www.nywd.uscourts.gov.

FURTHER, that Plaintiff is granted 90 days from the entry date of this Decision and Order to effectuate service of process on Defendants.

FURTHER, that the Clerk of Court is directed to send Plaintiff four service packets (USM-285 forms) and four blank summonses, one for each remaining defendant. Plaintiff must complete these forms and return them to the Clerk of Court, who will then forward them to the United States Marshal Service so that the Marshal Service can properly effectuate service.

FURTHER, that Plaintiff is warned that if she does not comply with the terms of this Decision and Order and properly effectuate service within 90 days of the entry date of this Decision and Order or request an extension of time to do so, her case may be dismissed for failure to prosecute.

SO ORDERED.

Dated:     December 1, 2016
           Buffalo, New York

                                              /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                          United States District Judge