UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRACY STEVENS,

              Plaintiff,

v.

**DECISION AND ORDER**
13-CV-643S

VICKI LANDES, NATALIE HENRY,
CATHERINE VELZY, AND FIDELIS CARE,[1]

              Defendants.

## I. INTRODUCTION

In this action, pro se plaintiff Tracy Stevens[2] asserts Family Medical Leave Act (29 U.S.C. §§ 2601, et seq.) claims against defendants Vicki Landes, Natalie Henry, Catherine Velzy, and Fidelis Care ("Defendants"). (Docket Nos. 9, 10.) Service on Defendants, however, has not been properly completed, nor has Plaintiff dutifully prosecuted this action. Consequently, this case will be dismissed for insufficient service of process and failure to prosecute.

## II. BACKGROUND

Stevens filed this action and moved to proceed *in forma pauperis* on June 18, 2013. (Docket No. 1.) She filed an amended complaint on April 29, 2014 (Docket No. 7) and a second amended complaint on April 30, 2014 (Docket No. 9), in response to

---

[1] Stevens also named Matrix Absence Management, State Insurance Plan, and The Hartford Insurance Company as defendants, but the Honorable Richard J. Arcara dismissed them from this case on April 15, 2015. (See Order, Docket No. 10.)

[2] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Since Stevens is a pro se litigant, this Court has considered her submissions and arguments accordingly.

the court's initial screening order, which also granted her request to proceed *in forma pauperis* (Docket No. 4).

On April 15, 2014, the court screened the second amended complaint and found that Stevens's FMLA claims against Defendants should proceed to service. (Docket No. 10.) Because Stevens is proceeding *in forma pauperis*, the court directed the United States Marshal Service to serve the summons and second amended complaint on Defendants. (Docket No. 10.)

The docket reflects that summonses were issued for Defendants and sent to the United States Marshal Service for service on May 6, 2015, and again on November 30, 2015. The return of summons for each individual defendant was returned as "unexecuted," because each defendant had left Fidelis Care's employ. (Docket No. 16.) The return of summons for Fidelis Care was return as "personally served" on a Human Resources Specialist at Fidelis Care's Buffalo facility on December 1, 2015. (Docket No. 16.)

On December 21, 2015, Defendants filed a Motion to Dismiss for insufficient service of process, followed by two subsequent reply submissions. (Docket No. 12, 14, 19.) Stevens responded to Defendants' motion on August 8, 2016. (Docket No. 20.)

On December 13, 2016, this Court denied Defendants' Motion to Dismiss and granted Stevens an additional 90 days to properly effectuate service. (Docket No. 21.) This Court explained how service could be accomplished and warned Stevens that this action could be dismissed for failure to prosecute if she did not accomplish service as directed. (Docket No. 21.) Nonetheless, 90 days passed and Stevens failed to properly serve Defendants. (Docket No. 22.)

On May 12, 2017, this Court *sua sponte* extended Stevens's time in which to effectuate service by 30 days and again warned her that her case could be dismissed for insufficient service of process or failure to prosecute or both if she failed to effectuate service as directed. (Docket No. 23.) Stevens again failed to accomplish service.

On June 19, 2017, this Court again *sua sponte* extended Stevens's time to effectuate service and indicated that it would be her final extension of time to do so. (Docket No. 24.) This Court also warned Stevens that her complaint could be dismissed if she failed to properly effectuate service and prosecute her case. (Docket No. 24.) Stevens again failed to serve Defendants. (Docket No. 25.)

Since the date of this Court's initial decision granting Stevens 90 days to properly effectuate service (Docket No. 21), more than 225 days have passed and Stevens has taken no action in this case, despite having been sent multiple orders and declarations, none of which have been returned as undeliverable.

### III. DISCUSSION

Dismissal of this case is warranted on two fronts: insufficient service of process and failure to prosecute.

**A.     Insufficient Service of Process**

Defendants initially moved to dismiss on the basis that Stevens failed to properly serve them within 120 days of filing her second amended complaint, as required by the version of Rule 4 (m) of the Federal Rules of Civil Procedure in effect at that time.[3] (Docket No. 12.) Defendants were correct on that point, but this Court determined that,

---

[3]By amendment effective December 1, 2015, the time for serving a complaint under Rule 4(m) was reduced from 120 days to 90 days.

given her *in forma pauperis* status, Stevens was not responsible for the service failures. (Docket No. 21.)

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of summons and complaint shifts to the court. See 28 U.S.C. § 1915 (d); Rule 4 (c)(3) (requiring service by United States Marshal Service in cases where the plaintiff proceeds *in forma pauperis*); Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996) (noting that the granting of *in forma pauperis* status "shifted the responsibility for serving the complaint from [the plaintiff] to the court"). Consequently because the court was responsible for the failure to serve, this Court found that good cause existed under Rule 4 (m) to extend Stevens's time to complete service. See McCalmann v. Partners in Care, No. 01-CV-5844, 2002 WL 856465, *1 (S.D.N.Y. Apr. 25, 2002) (finding that the Marshals Service's failure to properly effect service of process constitutes good cause within the meaning of Rule 4 (m)).

In so finding, this Court explained to Stevens precisely what she needed to provide the Marshals Service so that it could accomplish service and it further advised Stevens that it was her responsibility to confirm with the Marshals Service that service had been accomplished and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). And to further assist Stevens, this Court directed the Clerk of Court to send her four service packets and four blank summonses.

Yet without explanation, and with no contact in more than 225 days, Stevens failed to properly serve Defendants as directed. And she did so despite this Court's multiple warnings that her failure to act could result in dismissal of her case. Stevens's

conduct in this regard is not reasonable and no cause whatsoever has been submitted to excuse her multiple failures. Consequently, this case will be dismissed under Rule 12 (b)(5) for insufficient service of process.

**B.     Failure to Prosecute**

This case separately warrants dismissal based on Stevens's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendant has not moved under Rule 41(b), a court may nonetheless dismiss a case *sua sponte*. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-31.

Rule 41 (b) does not define what constitutes failure to prosecute. But the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre Corp., 682 F.2d at 42. Dismissal pursuant to Rule 41(b) falls within the court's

discretion. See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion"). It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive"). This is particularly true in cases involving *pro se* litigants, where dismissal for failure to prosecute should be granted only "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 487 (2d Cir. 1994)).

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita, 16 F.3d at 485; Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).

Here, these factors weigh in favor of dismissal. Stevens has been inattentive to this case and has ignored this Court's multiple orders. More than 225 days have

passed since this Court directed Stevens to properly serve Defendants with her second amended complaint.  Stevens has been warned at least three times that her continued failure to adhere to this Court's directives could result in dismissal of her case.  Defendants, meanwhile, continue to be prejudiced by the passage of time.  This Court has made every effort to protect Stevens's Due Process rights and to assist her in accomplishing proper service, but she has not taken advantage of these efforts and instead has taken no action and been entirely non-communicative since December 2016.  In light of these circumstances, this Court finds that no sanction short of dismissal would be appropriate.  Dismissal under Rule 41 (b) is therefore warranted.

## IV. CONCLUSION

Because Stevens has neither accomplished service of process as directed nor dutifully prosecuted this action, this case will be dismissed for insufficient service of process and failure to prosecute.

## V.  ORDERS

IT HEREBY IS ORDERED, that this case is DISMISSED for insufficient service of process and failure to prosecute.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  August 7, 2017
        Buffalo, New York

                    /s/William M. Skretny
                    WILLIAM M. SKRETNY
                    United States District Judge